Filed 9/4/14  P. v. Borquez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073890 |
| v. | (Super. Ct. No. SF120428A) |
| PEDRO LEON BORQUEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Pedro Leon Borquez asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error, we affirm the judgment.

I

In 2006, defendant touched victim Jane J. Doe's vagina over her underwear.  Jane J. Doe was born in January 1999.

On April 26, 2012, defendant entered the victim Jane V. Doe's bedroom while she was sleeping and lay down on the bed next to her.  The victim (born in March 1991) awoke and saw defendant's genitals were exposed; defendant masturbated while lying next to the victim.  Defendant then told Jane V. Doe he wanted to hold her and proceeded to climb on top of her.  Defendant then held the victim down with his arm, covering her mouth with his hand.  The victim struggled to get free and tried to scream but she could not scream loud

1

enough to be heard. Defendant put his other hand under the victim's shirt and " 'groped' " her breast. He attempted to have intercourse with her as well. During the assault, defendant said to the victim, "Please, please just touch it."

Defendant was arrested after Jane V. Doe was hospitalized the following day for "complications" suffered as a result of the assault. Defendant was charged with the attempted forcible rape of Jane V. Doe (count 1) and two counts of lewd acts upon Jane J. Doe, a child (counts 2 and 3). Defendant pled guilty to an amended count 1 (amending the charge to sexual battery), and to count 2. Count 3 was dismissed in exchange for defendant's plea.

Defendant later filed a motion to withdraw his guilty plea. Defendant argued he was gravely ill at the time he entered the plea and did not fully understand the consequences of pleading guilty. Following the admission of testimony and documentary evidence, the trial court denied defendant's motion.

The trial court later sentenced defendant to serve the stipulated, aggregate term of four years in state prison and ordered him to pay various fines and fees. The trial court also awarded defendant 357 days of custody credit (311 actual and 46 conduct). Having obtained a certificate of probable cause, defendant appeals from the judgment.

II

Appointed counsel filed an opening brief that sets forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant.

Our examination of the record reveals a clerical error in the abstract of judgment. At sentencing, the trial court awarded defendant 311 days of actual custody credit and 46 days of conduct credit, for a total of 357 days of credit. The abstract correctly reflects the total award of 357 days, but wrongly indicates defendant was awarded only 41 days of conduct

2

credit. Because this is simply a clerical error, we correct it on appeal and direct the trial court to prepare a corrected abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts"].)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect 46 days of conduct credit. The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                                    HOCH , J.

We concur:

HULL , Acting P. J.

ROBIE , J.